IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SUSAN C. O'NEAL, | ) | Civ. No. 10-00593 DAE-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PLAINTIFF'S MOTION TO |
| | ) | REMAND BE GRANTED IN PART |
| STATE FARM MUTUAL | ) | AND DENIED IN PART |
| AUTOMOBILE INSURANCE CO., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO
REMAND BE GRANTED IN PART AND DENIED IN PART

Before the Court is Plaintiff Susan C. O'Neal's Motion to Remand. The Court heard this Motion on December 21, 2010.  After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court finds and recommends that O'Neal's Motion be GRANTED IN PART and DENIED IN PART.

FACTUAL BACKGROUND

On October 31, 2004, O'Neal was injured in a motor vehicle accident when the driver of another vehicle failed to stop at a stop sign and crashed into O'Neal's vehicle. (Complaint ¶ 5.) She suffered head, neck, shoulder, back, and

foot injuries.  (Id. ¶ 6.)  Following the accident, O'Neal brought a liability action in state court against the other driver and that driver's employer.

After the liability case settled, O'Neal pursued a claim for underinsured motorist ("UIM") benefits against Defendant State Farm Mutual Automobile Insurance Company.  That case was arbitrated and an arbitration award was issued in O'Neal's favor.  State Farm paid O'Neal $22,500, which was within its policy limit of $25,000.  Because State Farm had previously offered to pay O'Neal only $2,500 under the policy but was ultimately ordered to pay $22,500 in benefits, O'Neal brought the present action against State Farm.

In this case, which was filed in state court and removed by State Farm, O'Neal asserts claims for bad faith, unfair and deceptive trade practices, intentional and/or negligent infliction of emotional distress, and punitive damages.  (See Ex. 1 attached to Opp.)  Prior to the removal of this case, O'Neal offered to settle this case for $60,000, but State Farm refused.  (Exs. A & B attached to Reply.)

In its Notice of Removal, State Farm asserted that this Court has diversity of citizenship jurisdiction over this case and that the "matter in controversy in this case is in excess of $75,000."  (Notice of Removal at 3.)

In the present Motion, O'Neal contends that State Farm fails to meet its burden of establishing that the amount in controversy exceeds $75,000. Consequently, O'Neal requests that this case be remanded to state court.

DISCUSSION

I.        Amount in Controversy

O'Neal contends that State Farm failed to prove that the amount in controversy exceeds $75,000 and that this action should therefore be remanded to state court. State Farm responds that the Complaint and extrinsic evidence indicate that the amount in controversy does exceed $75,000.

State Farm removed this case from state court, asserting in its Notice of Removal that this Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Under that statute, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The parties dispute whether the amount in controversy exceeds $75,000.

When an action is removed from state court to federal court on the basis of diversity jurisdiction, "the proponent of federal jurisdiction – typically the defendant in the substantive dispute – has the burden to prove, by a preponderance of the evidence, that removal is proper." In re Estate of Lhotka, 599 F.3d 1102,

1106-07 (9th Cir. 2010).  Federal removal jurisdiction "ousts state-court jurisdiction and 'must be rejected if there is any doubt as to the right of removal in the first instance.'"  Id. at 1107.  Federal courts "strictly construe the removal statute against removal jurisdiction."  Id.

In determining the amount in controversy in a removed case, district courts "may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."  Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).  "If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  Id.  However, "removal 'cannot be based simply upon conclusory allegations' where the ad damnum is silent."  Id.

Here, it is not facially apparent from the Complaint that the amount in controversy exceeds $75,000.  The Complaint asserts claims for bad faith, unfair and deceptive trade practices, intentional and/or negligent infliction of emotional distress, and punitive damages.  Nowhere in the Complaint does O'Neal place a value on each of these claims.  Therefore, even though she seeks punitive and treble damages, it is not facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional value.

Further, extrinsic does not establish that the claims here exceed the jurisdictional amount. Prior to filing this action against State Farm, O'Neal demanded $60,000 from State Farm to settle the case. That amount included punitive damages sought by O'Neal. (Ex. A attached to Reply; Reply at 10.) Because the settlement demand reflects a reasonable estimate of O'Neal's claims, it "is relevant evidence of the amount in controversy." Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

Given that the Complaint itself and extrinsic evidence fail to show that the amount in controversy exceeds $75,000, there exists doubt as to whether removal jurisdiction is proper here. Because State Farm has not met its burden of establishing that removal is proper, and in light of the strong presumption against removal jurisdiction, the Court finds and recommends that this case be remanded to state court. In re Lhotka, 599 F.3d at 1106-07.

II.        Attorneys' Fees and Costs

O'Neal seeks attorneys fees and costs incurred as a result of State Farm's removal. "When granting a motion for remand, this Court may order a defendant to pay plaintiff's costs and fees incurred as a result of the removal." Doe

v. Bolkiah, 74 F. Supp. 2d 969, 974 (D. Haw. 1998).  District Courts have "wide discretion" to award such fees and costs.  Id.  "Although a showing that removal was frivolous or vexatious is not required, courts generally determine whether removal was tenuous or not colorable in order to award fees and costs."  Id. at 974-75.

The Court finds that there appeared to be a reasonable basis for State Farm's removal of this case.  Given that O'Neal's settlement demand was close to the jurisdictional amount and that there exists doubt as to the value of her claims, State Farm's removal of this case was not vexatious or unduly tenuous.  Accordingly, this Court denies O'Neal's request for fees and costs.  See Bolkiah, 74 F. Supp. 2d at 975.

## CONCLUSION

For the foregoing reasons, the Court finds and recommends that O'Neal's Motion to Remand be GRANTED IN PART and DENIED IN PART.

DATED:  Honolulu, Hawaii, December 30, 2010.

IS SO ORDERED.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

O'neal v. State Farm Mutual Automobile Ins. Co., Civ. No. 10-00593 DAE-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO REMAND BE GRANTED IN PART AND DENIED IN PART.